NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. DUMBRIQUE,<br><br>    Plaintiff,<br><br> vs.<br><br>STEVE NAKAMURA, et al.,<br><br>    Defendants. | No. C 10-01197 JF (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP prison officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order. Plaintiff alleges that he has administratively exhausted all his claims.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Dumbrique01197_dwlta.wpd          1

governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that PBSP medical officials have subjected him to cruel and unusual punishment in violation of the Eighth Amendment by their deliberate indifference to his serious medical needs. Plaintiff claims that while he was housed in California State Prison - Corcoran ("CSP"), he suffered a "left inguinal hernia." (Compl. 9.) CSP medical officials had recommended and approved surgery for his condition when Plaintiff became subject to transfer to another prison. Plaintiff was advised that it could take six months to a year to receive surgery if he remained at CSP or he could receive the surgery at the next prison. (Id. at 10.) It appears that Plaintiff opted for the transfer, and he was transferred to PBSP on April 1, 2009.

On April 2, 2009, Plaintiff submitted a Health Care Service Request for to see a doctor about his left inguinal hernia, which continued to cause problems for him. (Id.) From that time until June 15, 2009, Plaintiff alleges that he received inadequate medical attention for his worsening hernia, culminating with an emergency surgery on June 15, 2009, for "acute incarcerated left inguinal hernia" at Sutter Coast Hospital. (Id. at 16.) Plaintiff alleges that even after his discharge from the hospital, PBSP medial officials continued to provide inadequate medical attention by intentionally interfering with the post-operative pain management prescribed by the surgeon. (Id. at 17-18.) Liberally

construed, Plaintiff's Eighth Amendment medical claims are cognizable under § 1983.

Plaintiff's second claim is that Defendants subjected him to negligent medical care and is liable under the California Tort Claims Act. (Compl. 24.) As a condition precedent to suit against a public entity or its employee, the California Tort Claims Act ("CTCA") requires that the claim be presented to the State Claims Board ("Board") within six months of the accrual of the cause of action. Cal. Gov't Code §§ 905.2, 911.2, 945.4, 945.6(a)(1), 950.2. Thereafter, a civil suit against a public entity must then be filed within six months of the Board's rejection of the claim. Cal. Gov't Code §§ 913, 945.6(a)(1). Plaintiff has failed to plead compliance with the notice requirement of the CTCA. Accordingly, the state law claims will be dismissed with leave to amend to plead compliance with the CTCA notice requirement.

**C.     Supervisor Liability**

Plaintiff claims that Defendants Michael Sayre, Francisco Jacquez, Matthew Cate, M. Nimrod and Clark Kelso, as officials in supervisorial positions, are responsible for maintaining a policy or custom with respect to certain medical decision, e.g., to deny all recommendations for surgery to repair inguinal hernias and to limit the amount of pain medication. (Compl. 11, 19-20.) However, Plaintiff's claims are insufficient as he fails to show how these Defendants were personally involved in the deprivation of his constitutional right. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff makes no factual allegations showing that these Defendants personally participated in or directed the alleged violations other than the conclusory statement that these Defendants are maintaining a policy or custom with respect to

1  medical treatment.  Accordingly, the claims against Defendants Michael Sayre, Francisco
2  Jacquez, Matthew Cate, M. Nimrod and Clark Kelso are DISMISSED.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants Michael Sayre, Francisco Jacquez, Matthew Cate, M. Nimrod and Clark Kelso are DISMISSED from this action as all claims against them have been dismissed.  The Clerk shall terminate these defendants from the docket.

2. The complaint is DISMISSED with leave to amend **within thirty (30) days** from the date this order is filed for Plaintiff to plead compliance with the CTCA notice requirement with respect to his second cause of action.  The amended complaint must include the caption and civil case number used in this order (10-01197 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.

In the alternative, Plaintiff may file notice within thirty (30) days that he chooses to sever the state tort claims from the complaint and proceed solely with the Eighth Amendment medical claims.

**Failure to file such notice or to file an amended complaint in the time provided will result in the dismissal without prejudice of the state tort claims from this action.  The matter will then proceed solely on Plaintiff's Eighth Amendment medical claims.**

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in

1  the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
2       IT IS SO ORDERED.
3
4  DATED: 6/14/10
5                                    JEREMY FOGEL
                                     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


EDWARD R DUMBRIQUE,

        Plaintiff,

  v.

STEVE NAKAMURA, et al.,

        Defendants.

                                                                 Case Number: CV10-01197 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/29/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward R. Dumbrique P27237
Pelican Bay State Prison
P.O. Box 7500
SHV C3-112
Crescent City, CA 95532


Dated: 6/29/10

                                                  Richard W. Wieking, Clerk