NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. DUMBRIQUE,<br><br>   Plaintiff,<br><br>  vs.<br><br>STEVE NAKAMURA, et al.,<br><br>   Defendants. | No. C 10-01197 JF (PR)<br><br>ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP prison officials for unconstitutional acts. The Court dismissed the complaint with leave to amend for Plaintiff to plead compliance with the notice requirements of the California Tort Claims Act. (Docket No. 12.) The Court dismissed the claims against defendants in supervisorial positions, finding Plaintiff had failed to plead sufficient facts to show that Defendants were personally involved in the deprivation of his rights. (Id.) However, the Court has granted Plaintiff's motion for reconsideration such that the Court will now reconsider dismissal of Defendant Supervisors from this action in its initial review of the claims against them in Plaintiff's amended complaint.

(Docket No. 20.)

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff alleges that PBSP medical officials have subjected him to cruel and unusual punishment in violation of the Eighth Amendment by their deliberate indifference to his serious medical needs. Plaintiff claims that while he was housed in California State Prison - Corcoran ("CSP"), he suffered a "left inguinal hernia." (Am. Compl. 5.) CSP medical officials had recommended and approved surgery for his condition when Plaintiff became subject to transfer to another prison. Plaintiff was advised that it could take six months to a year to receive surgery if he remained at CSP or he could receive the surgery at the next prison. (Id. at 6.) It appears that Plaintiff opted for the transfer, and he was transferred to PBSP on April 1, 2009. (Id.)

On April 2, 2009, Plaintiff submitted a Health Care Service Request for to see a doctor about his left inguinal hernia, which continued to cause problems for him. (Id.)

Plaintiff was advised by Defendant Crinklaw on May 8, 2009, that "strangulated hernia" was the only approved hernia surgery at PBSP. (Id. at 7.) On May 21, 2009, Defendant Sayre denied Plaintiff's request for hernia surgery. (Id. at 8.) Plaintiff claims that he was not prescribed any pain medication, hernia belt, or other non-surgical remedies. (Id.) Plaintiff's hernia continued to worsen, until June 14, 2009, when Plaintiff claims the hernia "erupted in unbearable pain." (Id. at 11.) On June 15, 2009, Plaintiff underwent emergency surgery for "acute incarcerated left inguinal hernia" at Sutter Coast Hospital. (Id. at 13.) Plaintiff alleges that even after his discharge from the hospital, PBSP medial officials continued to provide inadequate medical attention by intentionally interfering with the post-operative pain management prescribed by the surgeon. (Id. at 14-17.) Liberally construed, Plaintiff's Eighth Amendment medical claims are cognizable under § 1983.

Plaintiff's second claim is that Defendants subjected him to negligent medical care and are liable under the California Tort Claims Act. As a condition precedent to suit against a public entity or its employee, the California Tort Claims Act ("CTCA") requires that the claim be presented to the State Claims Board ("Board") within six months of the accrual of the cause of action. Cal. Gov't Code §§ 905.2, 911.2, 945.4, 945.6(a)(1), 950.2. Thereafter, a civil suit against a public entity must then be filed within six months of the Board's rejection of the claim. Cal. Gov't Code §§ 913, 945.6(a)(1). Plaintiff has plead compliance with the CTCA to the extent that he presented his claim to the Board which rejected it on December 17, 2009. (Am. Compl., Ex. 1.) However, the CTCA also requires that if a claim is rejected, Plaintiff must file a lawsuit against the government entity within six months from the decision. (Id.) There is no indication in the amended complaint that Plaintiff has done so. Accordingly, this state claim is DISMISSED.

Plaintiff claims that Defendant Matthew Cate, as the Secretary of the California Department of Corrections and Rehabilitation, is responsible for the "supervision, management and control of the state prisons (including PBSP) and the responsibility for the care, custody, treatment, training, discipline and employment of persons confined

1  therein are vested him in him." (Am. Comp. at 4.) Plaintiff claims that Clark Kelso is
2  liable as the Receiver in charge of the California prison medical health delivery system,
3  citing Plata v. Schwarzenegger, Case No. C 01-1351 TEH (N.D. Cal.). Plaintiff groups
4  his allegations against these two defendants with his allegations against PBSP officials
5  Defendants Sayre and Jacquez. However, Plaintiff's claims are insufficient as
6  Defendants Cate and Kelso as he fails to show how they were personally involved in the
7  deprivation of his constitutional rights at PBSP. Neither of these defendants have direct
8  supervisorial authority over the other defendants in this action. Furthermore, even if
9  supervisorial authority was shown, they may only be liable under section 1983 upon a
10 showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient
11 causal connection between the supervisor's wrongful conduct and the constitutional
12 violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en
13 banc) (citation omitted). A supervisor therefore generally "is only liable for
14 constitutional violations of his subordinates if the supervisor participated in or directed
15 the violations, or knew of the violations and failed to act to prevent them." Taylor v. List,
16 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff makes no factual allegations showing that
17 these Defendants personally participated in or directed the alleged violations other than
18 the conclusory statement that these Defendants are maintaining a policy or custom with
19 respect to medical treatment. Accordingly, the claims against Defendants Matthew Cate
20 and Clark Kelso are DISMISSED.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.   Plaintiff has not named M. Nimrod as a defendant in his amended complaint. All claims against Defendants Matthew Cate and Clark Kelso have been dismissed. The Clerk shall terminate these Defendants from this action.

2.   The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint, (Docket No.

20), in this matter, all attachments thereto, and a copy of this order upon the following **Defendants at Pelican Bay State Prison**: **Registered Nurses Steve Nakamura, William Fair, and Kavintida Cross; Drs. Nancy Adams and Thomas Martinelli; Family Nurse Practitioners sue Risenhoover and Paula Crinklaw; Chief Medical Officer Michael Sayre; and Warden Francisco Jacquez**.  The Clerk shall also <u>mail courtesy copies</u> of the Complaint and this order to the California Attorney General's Office.

      3.    No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

          a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

          b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

          a.    In the event Defendants file an unenumerated motion to dismiss

under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

  The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

  b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiff:

  The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
  Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.  Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    6.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    7.  All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

    9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: 2/22/11

JEREMY FOGEL
United States District Judge

Order of Service; Directing Ds to file Disp. Motion
P:\PRO-SE\SJ.JF\CR.10\Dumbrique01197_svc.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDWARD R DUMBRIQUE,

        Plaintiff,

  v.

STEVE NAKAMURA, et al.,

        Defendants.

Case Number: CV10-01197 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  2/22/11 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward R. Dumbrique P27237
Pelican Bay State Prison
P.O. Box 7500
SHV C3-112
Crescent City, CA 95532

Dated: 2/22/11

                                    Richard W. Wieking, Clerk