NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD R. DUMBRIQUE, | No. C 10-01197 JF (PR) |
| Plaintiff, | ORDER ADDRESSING PENDING MOTIONS; DIRECTING PLAINTIFF TO FILE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| STEVE NAKAMURA, et al., | |
| Defendants. | (Docket Nos. 55, 83, 91, 92, 101, 104, 105, 119, 121, 125, 126 & 130) |

Plaintiff, a California prisoner incarcerated at the Pelican Bay State Prison ("PBSP") in Soledad, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. The Court found the amended complaint stated cognizable claims and ordered service upon the named Defendants.[1] (Docket No. 40.) Defendants have filed motions for summary judgment (Docket Nos. 94 & 108), and Plaintiff has filed a motion for continuance based on Defendants' lack of response to his discovery requests. The Court will address the pending motions below.

---

[1] The Court dismissed the claims against defendants in supervisorial positions, finding Plaintiff had failed to plead sufficient facts to show that Defendants were personally involved in the deprivation of his rights. (See Docket No. 40.)

# DISCUSSION

## A. Motion for Referral to Early Settlement Program

Plaintiff filed a motion for referral to the early settlement program (Docket No. 55) to which Defendants were directed to file a statement of opposition or non-opposition. (See Docket No. 86.) Defendants filed opposition to the referral on the grounds that motions for summary judgment have been filed, and that a referral at this time would be a waste of time and resources. (See Docket Nos. 99 & 107.) Accordingly, the motion is DENIED without prejudice to the Court reconsidering the matter should Plaintiff's claims survive summary judgment.

## B. Motion to Stay Discovery

Defendants filed a motion for a protective order staying discovery pending their submission of a motion for summary judgment. (Docket No. 83.) Plaintiff opposed the motion, and on July 7, 2011, filed motions to withdraw several of his pending requests for production of documents. (Docket Nos. 91 & 92.) Thereafter, Defendants filed motions for summary judgment which include assertions that they are entitled to qualified immunity. (Docket Nos. 94 & 108.) As Defendants correctly point out, their defense of qualified immunity requires that discovery be stayed until the threshold immunity question is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976); Hovermale v. School Bd. of Hillsborough County, 128 F.R.D. 287, 289 (M.D. Fla. 1989). But it is an abuse of that discretion to stay discovery if plaintiff is denied discovery that relates to the motion. See Scroggins, 534 F.2d at 1133.

Accordingly, Defendants' motion for stay is granted to the extent discovery will be limited to resolving the threshold issue of qualified immunity. Plaintiff shall be permitted to make discovery requests relevant to preparing an opposition to Defendants' assertion

Order Addressing Pending Motions; Directing P to file Oppo.
P:\PRO-SE\SJ.JF\CR.10\Dumbrique01197_motions3.wpd

2

1  of qualified immunity, *i.e.*, to show that Plaintiff has alleged the deprivation of an actual
2  constitutional right and that such right was clearly established such that it would be clear
3  to a reasonable officer that his conduct was unlawful in the situation he confronted. See
4  Pearson v. Callahan, 129 S. Ct. 808, 818 (2009).

5      Defendant Thomas Martinelli's motion for joinder to other Defendants' motion for
6  stay (Docket No. 121) is GRANTED. The limitation on discovery shall apply to
7  Plaintiff's claims against Defendant Martinelli.

8      Plaintiff's motions to withdraw his request for documents (Docket Nos. 91 & 92)
9  are GRANTED.

10 **C.     Motions for Continuance**

11     The Court will construe Plaintiff's motion for continuance (Docket Nos. 119 &
12 129) as a motion for extension of time to file opposition to Defendants' motion for
13 summary judgment. Plaintiff's motion to deny Defendants' motion for summary
14 judgment is DENIED without prejudice; the Court will consider the merits of the motions
15 after briefing has been completed.

16     Defendants filed their motion on July 11, 2011, which gave Plaintiff until August
17 10, 2011 to file opposition. An extension of time is granted, such that Plaintiff's
18 opposition is due **no later than October 10, 2011.** Plaintiff's opposition to Defendant
19 Martinelli's motion for summary judgment, filed on July 25, 2011, shall be filed **no later**
20 **than October 23, 2011.**

21     Defendants' reply shall be filed no later than fifteen (15) days after Plaintiff's
22 opposition is filed.

23 **D.     Motion for Expert Witness**

24     Plaintiff's motion to appoint an expert witness (Docket No. 101) is DENIED
25 without prejudice. An expert witness is not necessary for Plaintiff to file opposition to
26 Defendants' motion for summary judgment on the grounds of qualified immunity.

27 **E.     Motions for Reconsideration**

28     Plaintiff filed several motions for reconsideration of the Court's dismissal of his

Order Addressing Pending Motions; Directing P to file Oppo.
P:\PRO-SE\SJ.JF\CR.10\Dumbrique01197_motions3.wpd

3

state tort claims. (Docket Nos. 104, 105, and 125.) Plaintiff asserts that the Court's requirement that he present evidence showing that a lawsuit was filed "in state court" is incorrect, and that his filing the action here in federal court satisfies the relevant state tort regulation. (Id.) Plaintiff's assertion is erroneous by law, and the motions are DENIED.

Plaintiff's motion to shorten time for hearing on this motion (Docket No. 126) is DISMISSED as moot by this order.

**F.     Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel (Docket No. 130) is DENIED without prejudice for lack of exceptional circumstances. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, briefing shall proceed on Defendants' motion for summary judgment on the grounds they are entitled to qualified immunity. Plaintiff's opposition is due **no later than October 10, 2011.** Plaintiff's opposition to Defendant Martinelli's motion for summary judgment shall be filed **no later than October 23, 2011.**

Defendants' reply shall be filed no later than fifteen (15) days after Plaintiff's opposition is filed.

This order terminates Docket Nos. 55, 83, 91, 92, 101, 104, 105, 119, 121, 125, 126 and 130.

IT IS SO ORDERED.

DATED: _____JDJFEFF_____        _____
                                 JEREMY FOGEL
                                 United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDWARD R DUMBRIQUE,

        Plaintiff,

  v.

STEVE NAKAMURA, et al.,

        Defendants.

Case Number: CV10-01197 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward R. Dumbrique P27237
Pelican Bay State Prison
P.O. Box 7500
SHV C3-112
Crescent City, CA 95532

Dated: _____                                  
                                                              Richard W. Wieking, Clerk